UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARROW SMITH,                                        Case No. 10-12508

          Plaintiff,                                   John Corbett O'Meara
vs.                                                  United States District Judge

MERS, *et al.*,                                      Michael Hluchaniuk
                                                     United States Magistrate Judge
          Defendants.
_____/

## REPORT AND RECOMMENDATION
## MOTIONS FOR SUMMARY JUDGMENT (Dkt. 44, 47)

## I.   PROCEDURAL HISTORY

Plaintiff filed his complaint on June 24, 2010.  (Dkt. 1).  This matter was
referred to the undersigned for all pretrial proceedings by District Judge Anna
Diggs Taylor on December 3, 2010.  (Dkt. 42).  This matter was reassigned to
District Judge John Corbett O'Meara on December 16, 2010.  (Dkt. 43).
Defendant Trott & Trott filed its motion for summary judgment on January 11,
2011.  (Dkt. 44).  Plaintiff filed responses on January 31, 2011, February 1, 2011,
and February 22, 2011.  (Dkt. 49, 50, 52).  Defendants Bank of America (BOA),
Mortgage Electronic Filing System (MERS), and Countrywide Home Loans
(Countrywide) filed their motion for summary judgment on January 28, 2011.
(Dkt. 47).  Plaintiff filed his response on February 22, 2011.  (Dkt. 51).

Defendants BOA, MERS, and Countrywide filed a reply on March 7, 2011.  (Dkt. 54).

On July 1, 2011, the Court directed the parties to file supplemental briefs regarding a recently issued decision of the Michigan Court of Appeals.  (Dkt.  61). The parties were directed to file supplemental briefs regarding the effect, if any of *Residential Funding Co. LLC v. Saurman*, ___ N.W.2d ___, 2011 WL 1516819 (Mich. Ct. App. April 21, 2011) on the issues pending before the Court. Defendants BOA, Countrywide, and MERS filed a supplemental brief on July 1, 2011 and a supporting affidavit on July 5, 2011.  (Dkt. 64, 65).  Plaintiff filed a supplemental brief on July 15, 2011.  (Dkt. 66).  This matter is now ready for report and recommendation.

For the reasons set forth below, the undersigned **RECOMMENDS** that defendants' motions for summary judgment be **GRANTED** in part and **DENIED** in part, without prejudice.  Should this report and recommendation be adopted, the only remaining pending claims would be those under the Fair Debt Collection Practices Act against Trott & Trott.

## II.    FACTUAL BACKGROUND

### A.    Plaintiff's Complaint

According to plaintiff's complaint, defendant (not specifically identified) knowingly and willfully accepted payments on a mortgage security agreement

without being a holder in due course on the promissory note.  Plaintiff also asserts
that defendant (not specifically identified) violated Article 9 of the Uniform
Commercial Code by not identifying the real party in interest or providing direct
proof or validation of debt.  Plaintiff next alleges that defendant (not specifically
identified) fraudulently began foreclosure proceedings on a mortgage and
defendant had no standing or interest in the mortgage required to initiate such
proceedings.

Plaintiff also explains that he filed a Chapter 13 Bankruptcy Proceeding, but
his lawyer would not move for hearing demanding that defendants produce "Legal
Evidence to Contradict Undisputed Facts #1-5."  According to plaintiff, Fact #1 is
that the Comptroller of the Currency issued an order to all banks requiring that
they write off all mortgages more than 180 days in arrears.  Fact #2: Neither Bank
of America nor Trott & Trott had a contract with plaintiff and his wife.  Fact #3:
banks cannot foreclose on any debt without first presenting the original promissory
note.  Fact #4: The FDCPA required a third-party debt collector to "cease and
desist" after being informed that the debt is in dispute.  Fact #5: Bank of America
lacks standing to sue in foreign courts, is not a holder of a contract with the Smiths,
has no standing to sue, and is not registered to do business in the State of
Michigan.  Plaintiff indicates that his Chapter 13 case has been dismissed.

Plaintiff's complaint also contains a "demand legal evidence that the

following constitutional rights do not apply to defendant" followed by several demands that certain statements must be "rebutted" or a fraud on the court and/or various felonies will be committed.  Plaintiff then goes on to cite "some recent case law" regarding mortgage foreclosure cases in various states other than Michigan.

  B.  <u>Defendants' Motions</u>

    1.  Trott & Trott

  As explained in defendant Trott & Trott's motion, plaintiff and his wife granted a mortgage on September 24, 2004 to MERS as mortgagee and nominee for the lender.  (Dkt. 44, Ex. A).  Countywide is identified as the lender.  The principal amount of the loan was $490,200.  A modification of the note and security instrument, revising some terms of the original mortgage was executed by the Smiths on May 23, 2005.  (Dkt. 44, Ex. B).

  The Smiths failed to make payments and as result of their default, the loan account was referred to Trott & Trott to commence foreclosure proceeding on November 17, 2009.  Trott & Trott sent the Smiths a letter on November 25, 2009 informing them that the mortgage loan balance was being accelerated.  (Dkt. 44, Ex. C).  In response, the Smiths sent a letter dated November 7, 2009 entitled "Notice of Debt Validation Request."  (Dkt. 44, Ex. D).  In response, Trott & Trott sent a letter enclosing the loan payment history, mortgage, and note.  (Dkt. 44, Ex. E).  The Smiths then sent a letter to Trott & Trott demanding the original loan

documents.  (Dkt. 44, Ex. F).  Trott & Trott responded on January 26, 2010.  (Dkt. 44, Ex. G).

On March 25, 2010, the Smiths filed a Chapter 13 Bankruptcy petition.  The foreclosure file was then closed.  While the bankruptcy was proceeding, the Smiths sent a letter to Trott & Trott demanding "legal evidence" and claiming violations of the FDCPA.  (Dkt. 44, Ex. H).  The Smiths' bankruptcy was dismissed on June 17, 2010 and this action was filed shortly afterward.  On July 12, 2010, Trott & Trott received a second referral to commence foreclosure proceedings.  Trott & Trott then sent a letter to the Smiths notifying them that the mortgage balance was being accelerated.  (Dkt. 44, Ex. I).  No foreclosure sale has yet occurred.

Trott & Trott first argues that plaintiff's complaint should be dismissed because it contains conclusory allegations and contains no factual support for any of the conclusory allegations.  According to Trott & Trott, plaintiff's complaint fails to meet the most basic pleading standards.

In addition, Trott & Trott argues that it was not acting as a "debt collector" as defined in the FDCPA.  Trott & Trott argues that because its primary business is the enforcement of security interests, only § 1692f(6) applies to it.  And, because plaintiff's claim is based on § 1692g (which does not apply to Trott & Trott), then plaintiff's claim fails.  In the event that the Court finds that Trott & Trott is a debt collector, it claims no violation occurred, given its response to plaintiff's

correspondence requesting the validation of the debt.  (Dkt. 44, Exs. D, E).

            2.      MERS, BOA, and Countrywide

        These defendants argue that plaintiff's complaint fails to satisfy basic

pleading standards under Rules 8 and 12 and should be dismissed on this basis.  In

addition, defendants argue that the UCC does not apply to real property

transactions and is preempted by federal law.  Thus, any claims based on the UCC

should be dismissed.  Defendants also argue that plaintiff's complaint fails to state

a claim for fraud and does not even attempt to satisfy Rule 9(b).  Next, defendants

argue that they do, in fact, have standing to foreclose and even if they did not, such

an argument is premature because no foreclosure has taken place.  Finally,

defendants assert that as to plaintiff's numbered "Fact" allegations, no claim on

which relief can be granted is stated.

        In reply, defendants point out that BOA[1] was the originator of the loan

transaction and retains servicing rights.  Thus, under the plain language of

Michigan law, BOA has the right to foreclose.

        C.      Plaintiff's Responses

        In response, plaintiff asserts that Trott & Trott has not indicated whether it

has "severed" its relationship with Bank of America and because Trott & Trott

_____

        [1]  The originator of the loan transaction was actually Countywide Home
Loans, which is owned by BOA.  (Dkt. 12).

published the foreclosure notice, it must be held accountable along with Bank of
America.  Plaintiff also argues that Bank of America has not yet produced the note
or shown that it is a holder in due course.  Plaintiff argues that he is entitled by law
to know who truly holds the mortgage and note.

## III.   ANALYSIS AND CONCLUSION

### A.   Dismissal Under Rules 8 and 10

The Federal Rules of Civil Procedure require that a complaint (1) contain "a
short and plain statement of the claim," and (2) "be simple, concise, and direct."
Fed.R.Civ.P. 8(a), (e).  Rule 10(b) states that claims must be made in numbered
paragraphs; the contents of each are to be limited to a statement of a single set of
circumstances; and, claims founded on separate transactions or occurrences are to
be stated in separate counts if a separation facilitates a clear presentation.  Here,
plaintiff's complaint violates Rule 8(a) and Rule 10(b).  "What constitutes a short
and plain statement must be determined in each case on the basis of the nature of
the action, the relief sought, and the respective positions of the parties in terms of
the availability of information and a number of other pragmatic matters."  5
Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1217 at
240-41 (3d ed. 2004).  A plaintiff properly pleads a claim for relief by "briefly
describing the events" supporting the claim.  *Peabody v. Griggs*, 2009 WL
3200686, *3 (D. R.I. 2009), quoting, *Sanjuan v. American Bd. of Psychiatry &*

*Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994). The statement of the claim should be short because "unnecessary length places an unjustified burden on the court and on the party who must respond to it." *Id.*, quoting, *Laurence v. Wall*, 2007 WL 1875794, *1 (D. R.I. 2007); *see also* Wright & Miller § 1281 at 709 ("[u]nnecessary prolixity in a pleading places an unjustified burden on the district judge and the party who must respond to it because they are forced to ferret out the relevant material from a mass of verbiage"). "The statement should be plain because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted to enable him to answer and prepare for trial." *Id.*, quoting, *Laurence*, 2007 WL 1875794 at *1. As noted by several courts, this principle is particularly significant because a defendant is required, pursuant to Rule 8(b), to "plead one of three alternatives in response to all of the allegations in a complaint ... ." *Id.*, quoting, *Indiana Regional Council of Carpenters Pension Trust Fund*, 2006 WL 3302642, *2 (N.D. Ind. 2006); *see also Calderon-Garnier v. Sanchez-Ramos*, 439 F.Supp.2d 229 (D. P.R. 2006), aff'd, 506 F.3d 22 (1st Cir. 2007). But the complaint here presents a "dense thicket" of "incomprehensible" assertions. *See e.g.*, *Eisenstein v. Ebsworth*, 148 Fed.Appx. 75, 77 (3d Cir. 2005) (affirming order dismissing complaint for, *inter alia*, violating Rule 8).

Further, the complaint is characterized by what many courts have described

as "buzzwords" or "gibberish[.]"  *See e.g. Coghlan v. Starkey*, 852 F.2d 806,

812-16 (5th Cir. 1988) (collecting cases); *Ramos v. Thornburg*, 732 F.Supp. 696,

702 (E.D. Tex. 1989); *Yocum v. Summers*, 1991 WL 171389 (N.D. Ill. 1991);

*McCutcheon v. N.Y. Stock Exchange*, 1989 WL 82007 (N.D. Ill. 1989); *U.S. v.

Messimer*, 598 F.Supp. 992, 993 (C.D. Cal. 1984) (describing pleadings filed by

*pro se* litigant as "thirty-four pages of bizarre, repetitive and incomprehensible

claims, contentions and sometimes gibberish"); *Bryant v. U Haul*, 1994 WL 67803

(E.D. Pa. 1994) ("Aside from these slight variations, each complaint consists

merely or an unintelligible recitation of unconnected names and places or similar

gibberish.").

  The requirement of a short, plain statement of the claim and entitlement to

relief was not supplanted by the pleading standards set forth in *Twombly/Iqbal*.

*See e.g. Tamayo v. Blagojevich*, 526 F.3d 1074, 1082-83 (7th Cir. 2008)

("Although *Twombly* retooled federal pleading standards ... and retired the

oft-quoted *Conley* motion to dismiss no set of facts standard, *Twombly* did not

supplant the basic notice-pleading standard.") (internal quotation marks omitted);

*see also Hensley Manufacturing v. Propride, Inc.*, 579 F.3d 603, 609 (6th Cir.

2009).  Indeed, a "plaintiff still must provide only enough detail to give the

defendant fair notice of what the claim is and the grounds upon which it rests...."

*Tamayo*, 526 F.3d at 1083 (internal quotation marks and citation omitted).

*Twombly* specifically provided that "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations ... ."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  However, a complaint only survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Courie v. Alcoa Wheel & Forged Products*, 577 F.3d 625 (6th Cir. 2009), quoting, *Ashcroft v. Iqbal*, — U.S. —, 129 S.Ct. 1937, 1949 (2009).

Thus, in the wake of *Twombly/Iqbal*, a complaint must still comply with Rule 8(a).  The undersigned concludes that plaintiff's complaint contains far too much extraneous information and conclusory statements of the law.  And, "any claims that may meet the pleading requirements of Rule 8(a) as clarified by *Iqbal* and *Twombly* are simply lost in the sea of insufficiently pled or wholly unsustainable claims."  *Dumas v. Hurley Medical Center*, 2011 WL 1465785, *1 (E.D. Mich. 2011).

Generally, where a plaintiff is *pro se*, complaints are to be liberally construed and not to be held to the same stringent standard as formal pleadings drafted by attorneys.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Courts are reluctant to dismiss on procedural grounds alone.  *Agee v. Wells Fargo Bank*, 2010 WL 1981047, *2 (E.D. Mich. 2010).  "As has been recognized by our circuit and others, despite liberal pleading requirements for *pro se* litigants, it is not the role of

the court to guess the nature of the claim(s) asserted." *Id.*, citing, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Nuclear Transportation & Storage, Inc. v. United States*, 890 F.2d 1348 (6th Cir. 1989); *Chapman v. City of Detroit*, 808 F.2d 459 (6th Cir. 1986). In this case, as in *Agee*, "no more than guessing could take place." *Id.* Thus, despite plaintiff's *pro se* status, the undersigned concludes that dismissal is appropriate, except as to plaintiff's FDCPA claims, as discussed below.

B.    Standards of Review

1.    Rule 12(b)(6)[2]

The Supreme Court recently raised the bar for pleading requirements beyond the old "no-set-of-facts" standard of *Conley v. Gibson*, 355 U.S. 41, 78 (1957), that had prevailed for the last few decades. *Courie v. Alcoa Wheel & Forged Products*, 577 F.3d 625, 2009 WL 2497928, *2 (6th Cir. 2009), citing, *Ashcroft v. Iqbal*, — U.S. —, 129 S.Ct. 1937, 1949 (2009); *see also Twombly*, 550 U.S. at 555. In *Iqbal*, the Supreme Court explained that a civil complaint only survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949. The Sixth Circuit observed that this new standard is designed to screen out cases that, while not

_____

[2] Defendants moved under Rule 12(c) and the standard applicable to Rule 12(c) motions is the same as Rule 12(b)(6).

Report and Recommendation
Motions for Summary Judgment
*Smith v. MERS*; Case No. 10-12508

utterly impossible, are "implausible." *Courie*, at \*2. "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged."

*Iqbal*, 129 S.Ct. at 1949. And although the Court must accept all well-pleaded

factual allegations in the complaint as true, it need not "'accept as true a legal

conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555, quoting,

*Papasan v. Allain*, 478 U.S. 265, 286 (1986); *see also Iqbal*, 129 S.Ct. at 1949.

The Sixth Circuit noted that "[e]xactly how implausible is 'implausible' remains to

be seen, as such a malleable standard will have to be worked out in practice."

*Courie*, \*2.

Where a plaintiff is proceeding without the assistance of counsel, the court is

still required to liberally construe the complaint and hold it to a less stringent

standard than a similar pleading drafted by an attorney. *See e.g. Simmons v.*

*Caruso*, 2009 WL 2922046 (E.D. Mich. 2009), citing, *Haines v. Kerner*, 404 U.S.

519, 520 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999).

Thus, the Court must still read plaintiff's *pro se* complaint indulgently and accept

plaintiff's allegations as true, unless they are clearly irrational or wholly incredible.

*Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *Erickson v. Pardus*, 551 U.S. 89, 94

(2007) (The Court of Appeals improperly departed "from the liberal pleading

standards set forth by Rule 8(a)(2)" and failed to "liberally construe" the *pro se*

complaint at issue.).

2.      Summary judgment

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c); *Kocak v. Community Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005); *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005).  The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005), quoting, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986); *see also Tucker v. Union of Needletrades Indus. & Textile Employees*, 407 F.3d 784, 787 (6th Cir. 2005).  The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion.  *See Matsushita Elec. Indus. Co.*, *Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005).

Under Federal Rule of Civil Procedure 56, a party asserting a fact that cannot be or is not genuinely disputed must support that assertion by citing to particular parts of materials in the record, including depositions, documents,

electronically stored information, affidavits or declaration, stipulations, admission, interrogatory answers, or other materials; or a showing that the materials cited do not establish the absence or presence of a genuine dispute or that an adverse party cannot produce admissible evidence to support the fact.  Fed.R.Civ.P. 56(c)(1).[3]

C.    Fair Debt Collection Practices Act[4]

Trott & Trott's status as a debt collector under the FDCPA is unclear based on the record currently before the Court.  Trott & Trott argues that because its primary business is the enforcement of security interests, only § 1692f(6) applies to it.  However, defendant provides no evidence to support this assertion.  In the event that the Court finds that Trott & Trott is a debt collector, it claims no violation occurred, given its response to plaintiff's correspondence requesting the validation

---

[3] Formerly, "Rule 56(e) require[d] that sworn or certified copies of all papers referred to in an affidavit must be attached to or served with that affidavit ... To be admissible, documents must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e) and the affiant must be a person through whom the exhibits could be admitted into evidence."  *Johnson v. Memphis City Schools*, 2010 WL 1957267, *2 (W.D. Tenn. 2010), quoting, 10A Charles A. Wright, Arthur R. Miller and Mary Kay Kane, Federal Practice & Procedure, § 2722, at 379-80 & 382-84 (1988). According to the Advisory Comments to the recent amendments, this specific requirement was omitted because as unnecessary given the requirement in subdivision (c)(1)(A) that a statement or dispute of fact be supported by materials in the record.  Comments, 2010 Amendments to Fed.R.Civ.P. 56, subdivision (c). Notably, the language changes have not changed the standard itself.  *Id*. ("The standard for granting summary judgment remains unchanged.").

[4]  This claim appears to be only lodged against Trott & Trott.

of the debt.  (Dkt. 44, Exs. D, E).  As discussed in detail below, the undersigned concludes that defendant has failed to meet its burden of production and summary judgment is not warranted.

The FDCPA defines a debt collector as follows:  "Any person who uses any instrumentality of interstate commerce or the mails in any business the principle of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C. § 1692a(6).  In several decisions, judges in the Eastern District of Michigan have held that "[a]ttorneys who merely represent creditors and do not send demand letters to debtors do not act as 'debt collectors' under the FDCPA."  *Waller v. Life Bank*, 2007 WL 3104917 (E.D. Mich. 2007) (Duggan, J.); *Williams v. Trott*, 822 F.Supp. 1266, 1268-69 (E.D. Mich.1993) (Edmunds, J.); *TerMarsch v. Fabrizio & Brook, P.C.*, 2006 WL 3313744 (E.D. Mich. 2006) (Duggan, J.); *McCall v. GMAC Mort. Corp.*, 2007 WL 1201535 (E.D. 2007) (Feikens, J.); *Mabry v. Ameriquest Mort. Co.*, 2010 WL 1052353 (E.D. Mich. 2010) (Whalen, M.J.).  The Supreme Court has recognized, however, that law firms may qualify as debt collectors for purposes of the FDCPA and lawyers do not get a "pass" on the FDCPA merely because they hold a law license.  *See Heintz v. Jenkins*, 514 U.S. 291 (1995); *see also Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, ––– U.S. –––, 130 S.Ct. 1605, 1606 (2010).  The potential conflict

between case law in this District and that from the Supreme Court has been recognized, but not resolved. *See e.g.*, *Thomas v. Trott & Trott*, 2011 WL 576666, (E.D. Mich. 2011) (Zatkoff, J.) ("Contrary to the Act's language and the Supreme Court, the cases in this Circuit have held that a lawyer that pursues a non judicial foreclosure for a lender is not a "debt collector" as the term is defined in §§ 1692a(5), (6).") (collecting cases).

A review of these cases reveals no real conflict, in the view of the undersigned. As Judge Edmunds initially observed in *Williams v. Trott*, most cases finding that an attorney acted as a debt collector did so where the attorney had sent a demand for payment letter to the debtor. *Id.* at 1268. In that case, Judge Edmunds concluded that no demand letter had been sent by the lawyer or the law firm, who was merely assisting their client with a non-judicial foreclosure and communicated with the plaintiff regarding that foreclosure. As the Sixth Circuit has recognized, where an attorney sends a letter demanding payment, the lawyer is acting as a debt collector under the FDCPA. *See Kistner v. Law Offices of Michael P. Margelefsky*, 518 F.3d 433, 439 (6th Cir. 2008). Letters virtually identical to the one sent by Trott & Trott to plaintiff in this case have been held not to be "demand" letters under the FDCPA. *See Claxton v. Orlans & Assoc.*, 2010 WL 33855230, *3 (E.D. Mich. 2010) (Cox, J.).

Post-*Williams v. Trott* case law from the Supreme Court recognized that

Report and Recommendation
Motions for Summary Judgment
*Smith v. MERS*; Case No. 10-12508

lawyers and law firms, in addition to having potential FDCPA liability for using an "instrumentality of interstate commerce or the mails in any business the principle of which is the collection of any debts" (i.e., sending letters demanding payment), may also be "regularly engaged in debt collection" such that they are "debt collectors" as defined in the FDCPA.  *See Heintz*, 514 U.S. 299 (The FDCPA "applies to attorneys who 'regularly' engage in consumer-debt-collection activity, even where that activity consists of litigation.").  Nothing in *Heintz* or *Jerman*[5] suggests that, under the circumstances presented in *William v. Trott* – no demand letter was sent by the law firm and the law firm was only assisting its client in non-judicial foreclosure – a law firm is automatically transformed into a debt collector. But, a debt collector may either be one who "uses any instrumentality of interstate commerce or the mails in any business the principle of which is the collection of any debts" *or* one "who regularly collects or attempts to collect, directly or

---

[5] *Jerman* involved a judicial foreclosure complaint filed by a law firm on behalf of its client, the mortgage-holder (Countrywide).  The complaint included a "Notice," later served on Jerman, stating that the mortgage debt would be assumed to be valid unless Jerman disputed it in writing.  Jerman's lawyer sent a letter disputing the debt, and the law firm sought verification from Countrywide.  When Countrywide acknowledged that Jerman had, in fact, already paid the debt in full, the law firm withdrew the foreclosure lawsuit.  Jerman then filed her own lawsuit seeking class certification and damages under the FDCPA, contending that the law firm violated § 1692g by stating that her debt would be assumed valid unless she disputed it in writing.  The Sixth Circuit held that, under the circumstances, the bona fide error defense applied and dismissed the law suit.  The Supreme Court reversed, holding that mistakes-of-law are not included in the scope of the bona fide error defense.

indirectly, debts owed or due or asserted to be owed or due another." Thus, even if the initial letter sent by Trott & Trott to plaintiff was not a demand letter as held in *Claxton*, an additional inquiry is plainly required to determine if Trott & Trott is a "debt collector": whether Trott & Trott regularly engages in debt collection activity. However, Trott & Trott has not offered any evidence, such as an affidavit, to suggest that it is not regularly engaged in debt collection activity, which was also the basis for the court's decision in *Claxton*, *supra*; *see also Gathing*, 2010 WL 889945, *13 ("There is no evidence before the court at this time as to whether or not the [attorney/law firm] defendants regularly engage in debt collection, and as such are debt collectors. For this reason, the court rejects the [attorney/law firm] defendants claim that, as attorneys, they are excluded from the FDCPA's definition of a 'debt collector.'"). Thus, in the view of the undersigned, Trott & Trott did not satisfy its burden under the summary judgment standard of coming forward with *prima facie* evidence showing that does not regularly engage in debt collection. *Celotex Corp. v. Catrett*, 477 U.S. 317, 331 (1986) (The moving party has the burden of production to make a *prima facie* showing that it is entitled to summary judgment.). The motion for summary judgment as to plaintiff's FDCPA claim should be denied on this basis, without prejudice.

Trott & Trott also argues that even if it were deemed a debt collector under the FDCPA, it fully complied with the act's verification requirements and is

therefore entitled to summary judgment on this basis.  According to 15 U.S.C.

§ 1692g(b):

> If the [borrower] notifies the debt collector in writing
> within the thirty-day period described in subsection (a)
> that the debt, or any portion thereof, is disputed, or that
> the [debtor] requests the name and address of the original
> creditor, the debt collector shall cease collection of the
> debt ... until the debt collector obtains verification of the
> debt or a copy of a judgment, or the name and address of
> the [mortgagee], and a copy of such verification or
> judgment, or name and address of the [mortgagee], is
> mailed to the [borrower] by the debt collector.

Therefore, a person that satisfies the definition of "debt collector" must confirm "in

writing that the amount being demanded is what the [mortgagee] is claiming is

owed."  *Mabry v. Ameriquest Mortg. Co.*, 2010 WL 1052353 (E.D. Mich. 2010)

(citations omitted).  But, there is no duty to forward "'copies of bills or other

detailed evidence of the debt.'"  *Rudek v. Frederick J. Hanna & Assocs., P.C.*,

2009 WL 385804 (E.D. Tenn. 2009), citing, *Chaudhry v. Gallerizzo*, 174 F.3d 394,

406 (4th Cir. 1999).  For example, a debtor collector's response to a request to

validate a borrower's debt complied with § 1692g(b) when it consisted of the

borrower's name, the property address, origination date, loan amount, the current

mortgagee and its address, and the original mortgagee and its address.  *Mabry*,

2010 WL 1052353.

     Trott & Trott sent the Smiths a letter on November 25, 2009 informing them

that the mortgage loan balance was being accelerated.  (Dkt. 44, Ex. C).  In

response, the Smiths sent a letter dated November 7, 2009 entitled "Notice of Debt

Validation Request."  (Dkt. 44, Ex. D).  In response, Trott & Trott sent a letter

dated January 6, 2010, enclosing the loan payment history, mortgage, and note and

requesting that plaintiff and his wife compare their payment history with that

provided and indicate whether there were any discrepancies.  (Dkt. 44, Ex. E).

However, the copy attached to the motion does not include the attachments to the

letter.  In addition, the letter indicated that a reinstatement quote and payoff figures

would be sent under separate cover.  (Dkt. 44, Ex. E).  The Smiths then sent a letter

to Trott & Trott demanding the original loan documents.  (Dkt. 44, Ex. F).  Trott &

Trott responded on January 26, 2010, stating that production of the note and

mortgage is not statutorily required in a foreclosure by advertisement and there was

no obligation to produce the "original wet ink" documents.  The letter also

indicated that the debt dispute was considered to be "resolved" and that Trott &

Trott would continue with the foreclosure proceedings.  (Dkt. 44, Ex. G).

It may well be that defendant's letter dated January 6, 2010 complied with

the FDCPA as set forth in *Mabry*, *supra*, however, given that defendant has not

included a complete copy of that letter, with the attached payment history, to their

motions, it is impossible for the undersigned to undertake this evaluation.  It is

quite likely that the critical information required in the response, as described in

*Mabrey*, would be included on the attachment to the letter.  In addition, defendant

offers no evidence regarding the authenticity of any of their exhibits.  Thus,

defendant's motion for summary judgment on the FDCPA claims should be denied

without prejudice.

        D.    <u>Other Claims</u>

            1.    Fraud

Rule 9(b) requires that the plaintiff at least:

> "allege the time, place, and content of the alleged
> misrepresentation on which he or she relied; the
> fraudulent scheme; the fraudulent intent of the
> defendants; and the injury resulting from the fraud."
> *Coffey v. Foamex L.P.*, 2 F.3d 157, 161–62 (6th Cir.
> 1993) (internal quotation marks and citations omitted);
> *see also United States ex rel. Branhan v. Mercy Health
> Sys. of Southwest Ohio*, No. 98–3127, 1999 WL 618018,
> at *1 (6th Cir. Aug. 5, 1999) (affirming dismissal of a
> complaint alleging improper billing in violation of the
> FCA because it "failed to allege a single specific incident
> in which improper billing occurred and the plaintiff never
> set forth the dates, times, or the names of individuals who
> engaged in the alleged improper billing"). Essentially, the
> amended complaint should provide fair notice to
> Defendants and enable them to "prepare an informed
> pleading responsive to the specific allegations of fraud."
> *Advocacy Org. for Patients & Providers v. Auto Club Ins.
> Ass'n*, 176 F.3d 315, 322 (6th Cir. 1999) (citing *Michaels
> Bldg. Co. v. Ameritrust Co., N .A.*, 848 F.2d 674, 679 (6th
> Cir. 1988)).

*U.S. ex rel. Bledsoe v. Cmty Health Sys., Inc.*, 342 F.3d 634, 644 (6th Cir. 2003).

This heightened pleading requirement applies to *pro se* plaintiffs.  *Minger v.*

*Green*, 239 F.3d 793, 800 (6th Cir. 2001). Plaintiff's complaint is devoid of the factual allegations necessary to comply with Rule 9 and avoid dismissal. Thus, the undersigned recommends dismissal without prejudice of plaintiff's fraud claim.[6]

  2.  Article 9 of the UCC

The law is clear that Article 9 of the Michigan Uniform Commercial Code applies only to sales of personal property and does not apply to sales of foreclosed property. *Munson v. Countywide Home Loans, Inc.*, 2008 WL 538866, *10 (E.D. Mich. 2008); *Shirley v. NationStar Mortgage*, 2011 WL 1196787, *2 ("[T]he UCC applies to personal property, not real property."), citing, *Schmidt v. National City Corp.*, 2008 WL 5248706, *10 (E.D. Tenn. 2008). Thus, plaintiff's claims under the Michigan UCC fail as a matter of law and should be dismissed.

  3.  Foreclosure

As defendants point out, plaintiff admits that he is in default on the loan and the foreclosure sale has not yet occurred. Thus, the basis for plaintiff's complaints regarding the foreclosure is not entirely clear. Plaintiff offers no valid authority in support of his claim that in order to exercise their rights under the Michigan

---

[6] *Yaldu v. Bank of America Corp.*, 700 F.Supp.2d 832, 845 (E.D. Mich. 2010) ("[D]ismissal with prejudice on the basis of failure to plead with particularity ordinarily should be done only after the plaintiff has a chance to seek leave to amend the complaint."); *see also Boroff v. Alza Corp.*, 685 F.Supp.2d 704, 2010 WL 395211, *7 (N.D. Ohio 2010) ("The failure to properly plead fraud is not grounds for dismissal with prejudice."). In the alternative, the Court could allow plaintiff to amend the complaint to assert a proper fraud claim.

foreclosure statute, defendants must produce the original note. Indeed, authority is to the contrary. *See O'Brien v. BAC Home Loan Servicing, LP*, 2011 WL 1193659 (E.D. Mich. 20110 ("There is no requirement to produce the original promissory note prior to foreclosure."), citing, *Hilmon v. Mortgage Electronic Registration Systems*, 2007 WL 1218718, *2-3 (E.D. Mich. 2007). Moreover, nothing in Michigan's foreclosure by advertisement statute, Mich. Comp. Laws § 600.3204 requires that a named mortgagee be a holder in due course of the note. *O'Brien*, at *5, citing, *Hilmon*, at *3. Thus, the undersigned finds no basis to uphold any of plaintiff's vague complaints regarding the uncompleted foreclosure process.[7]

  E. Effect of *Residential Funding Co. LLC v. Saurman*

  In *Saurman*, the Michigan Court of Appeals held "that MERS does not meet the requirements of MCL 600.3204(1)(d) and, therefore, may not foreclose by advertisement." *Residential Funding Co. LLC v. Saurman*, 2011 WL 1516819, *1. The basic facts were as follows: the borrowers executed promissory notes in favor of the lender, which notes were secured by mortgages under which MERS was the mortgagee, as nominee for the lender and its successors and assigns. *See id.* The lender subsequently assigned the promissory notes to successor lenders and, after the borrowers' defaulted on their respective loans, MERS foreclosed the respective

---

  [7] The remainder of plaintiff's "claims" are entirely nonsensical, need not be addressed further, and as set forth, *supra*, should be dismissed for failure to comply with Rules 8 and 12.

Report and Recommendation
Motions for Summary Judgment
*Smith v. MERS*; Case No. 10-12508

mortgages by advertisement, pursuant to § 600.3201, *et seq.*  MERS was the

successful bidder and purchased the mortgaged properties at foreclosure sale.  *See*

*id.* at 1-2.  MERS, as the grantee under the sheriff's deeds, "then quit-claimed the

property to . . . [the] respective successor lenders."  *Id.* at 2.

Under § 600.3204(1)(d), only "the owner of the indebtedness or of an interest in

the indebtedness secured by the mortgage or the servicing agent of the mortgage"

may foreclose by advertisement.  *Id.* at 3.  "The parties agree[d] that MERS was

neither the owner of the indebtedness, nor the servicing agent of the mortgage." *Id.*

The court analyzed whether MERS could foreclose as the owner "of an interest in

the indebtedness" and concluded that it could not:

> Pursuant to the mortgages, defendants were the
> mortgagors and MERS was the mortgagee. However, it
> was the plaintiff lenders that lent defendants money
> pursuant to the terms of the notes.  MERS, as mortgagee,
> only held an interest in the *property* as security for the
> note, not an interest in the note itself. MERS could not
> attempt to enforce the notes nor could it obtain any
> payment on the loans on its own behalf or on behalf of
> the lender. . . . MERS' interest in the mortgage did not
> give it an interest in the debt.

2011 WL 1516819, *4 (emphasis in original).  Because the statute did not

otherwise authorize MERS to foreclose by advertisement, the court vacated the

foreclosure proceedings.  *See id.* at 9.

Defendants argue that *Saurman* has no effect on the present dispute because

it does not involve a foreclosure by advertisement by MERS and does not even involve a completed foreclosure by advertisement.  Plaintiff acknowledges these facts in his supplemental brief, but again says that unless the original wet ink mortgage and note are produced, none of the defendants can proceed with the foreclosure.  Plaintiff also argues that, to the extent that any of the defendants are not the holders of the note, they cannot proceed with the foreclosure.  As set forth above, even if plaintiff can challenge an incomplete foreclosure, plaintiff has not identified any irregularity sufficient for the court to grant any relief.  Further, it appears that *Saurman* does not have any effect on the present matter, given the current stage of foreclosure proceedings and because MERS is not the party attempting to foreclose.

## IV.   RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that defendants' motions for summary judgment be **GRANTED** in part and **DENIED** in part, without prejudice.  Should this report and recommendation be adopted, the only remaining pending claims would be those under the Fair Debt Collection Practices Act against Trott & Trott.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule

72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  August 4, 2011                          s/Michael Hluchaniuk
                                               Michael Hluchaniuk
                                               United States Magistrate Judge

## <u>CERTIFICATE OF SERVICE</u>

I certify that on August 4, 2011, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: <u>Courtney D. Roschek, David G. Michael, Martin S. Frenkel, and Amy E. Neumann,</u> and I certify that I have mailed by United States Postal Service the paper to the following non-ECF participant(s): <u>Darrow Smith, 2082 Meadow Reed Drive, Sterling Heights, MI 48314</u>.

s/Tammy Hallwood
Case Manager
(810) 341-7887
tammy_hallwood@mied.uscourts.gov