UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DARROW SMITH, | Case No.10-12508 |
| Plaintiff, | John Corbett O'Meara |
| vs. | United States District Judge |
| MERS, *et al.*, | Michael Hluchaniuk |
| | United States Magistrate Judge |
| Defendants. | |

# REPORT AND RECOMMENDATION
## MOTION FOR SUMMARY JUDGMENT (Dkt. 75)

**I.  PROCEDURAL HISTORY**

Plaintiff filed his complaint on June 24, 2010.  (Dkt. 1).  This matter was referred to the undersigned for all pretrial proceedings by District Judge Anna Diggs Taylor on December 3, 2010.  (Dkt. 42).  This matter was reassigned to District Judge John Corbett O'Meara on December 16, 2010.  (Dkt. 43).  All defendants previously filed motions for summary judgment, which were granted in their entirety, except the Fair Debt Collection Practices Act claim against Trott & Trott.  (Dkt. 67, 70).  With permission, Trott & Trott refiled its motion for summary judgment on this claim.  (Dkt. 75).  Plaintiff filed a response on December 5, 2011.  (Dkt. 77).  A detailed factual summary can be found in the prior report and recommendation and need not be repeated here.  (Dkt. 67).

For the reasons set forth below, the undersigned **RECOMMENDS** that defendant's motion for summary judgment be **GRANTED**.

## II.   ANALYSIS AND CONCLUSION

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c); *Kocak v. Community Health Partners of Ohio*, *Inc.*, 400 F.3d 466, 468 (6th Cir. 2005); *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005).  The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005), quoting, *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 251-52 (1986); *see also Tucker v. Union of Needletrades Indus. & Textile Employees*, 407 F.3d 784, 787 (6th Cir. 2005).  The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion.  *See Matsushita Elec. Indus. Co.*, *Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005).

Under Federal Rule of Civil Procedure 56, a party asserting a fact that cannot be or is not genuinely disputed must support that assertion by citing to

particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declaration, stipulations, admission, interrogatory answers, or other materials; or a showing that the materials cited do not establish the absence or presence of a genuine dispute or that an adverse party cannot produce admissible evidence to support the fact.  Fed.R.Civ.P. 56(c)(1).[1]

The undersigned previously concluded that Trott & Trott's motion for summary judgment as to the Fair Debt Collection Practices Act was deficient in two respects.  First, even if the initial letter sent by Trott & Trott to plaintiff was not a demand letter an additional inquiry is plainly required to determine if Trott & Trott is a "debt collector":  whether Trott & Trott regularly engages in debt collection activity.  On this point, Trott & Trott had not submitted any evidence. (Dkt. 67).  In addition, Trott & Trott also argued that even if it were deemed a debt

---

[1] Formerly, "Rule 56(e) require[d] that sworn or certified copies of all papers referred to in an affidavit must be attached to or served with that affidavit ... To be admissible, documents must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e) and the affiant must be a person through whom the exhibits could be admitted into evidence." *Johnson v. Memphis City Schools*, 2010 WL 1957267, *2 (W.D. Tenn. 2010), quoting 10A Charles A. Wright, Arthur R. Miller and Mary Kay Kane, Federal Practice & Procedure, § 2722, at 379-80 & 382-84 (1988). According to the Advisory Comments to the recent amendments, this specific requirement was omitted because as unnecessary given the requirement in subdivision (c)(1)(A) that a statement or dispute of fact be supported by materials in the record. Comments, 2010 Amendments to Fed.R.Civ.P. 56, subdivision (c). Notably, the language changes have not changed the standard itself.  *Id*. ("The standard for granting summary judgment remains unchanged.").

collector under the FDCPA, it fully complied with the act's verification requirements and was therefore entitled to summary judgment on that basis. The undersigned concluded that defendant's letter dated January 6, 2010 may well have complied with the FDCPA, however, given that defendant had not included a complete copy of that letter, with the attached payment history, to its motion, the undersigned concluded that it was not possible to undertake such an evaluation on the record before it. (Dkt. 67).

In the present motion, Trott & Trott maintains that it has now offered sufficient proof to establish that its January 6, 2010 letter properly verified plaintiff's debt, satisfying the FDCPA. (Dkt. 75). In support of its argument, Trott & Trott offers the affidavit of Emi Kaneko, the attorney who prepared the January 6, 2010 letter. Attorney Kaneko authenticates that letter and its attachments, indicating that it was the attorney's regular practice to include documents referenced in correspondence sent and that the validation of the debt would not have been sent without the supporting documents referenced in the letter. (Dkt. 75-6). Attached to the affidavit is the January 6, 2010 letter, which purported to enclose copies of the payment history, mortgage, and note, as attached. (Dkt. 75-6).

According to the FDCPA, 15 U.S.C. § 1692g(b):

> If the [borrower] notifies the debt collector in writing

> within the thirty-day period described in subsection (a)
> that the debt, or any portion thereof, is disputed, or that
> the [debtor] requests the name and address of the original
> creditor, the debt collector shall cease collection of the
> debt ... until the debt collector obtains verification of the
> debt or a copy of a judgment, or the name and address of
> the [mortgagee], and a copy of such verification or
> judgment, or name and address of the [mortgagee], is
> mailed to the [borrower] by the debt collector.

Therefore, a person that satisfies the definition of "debt collector" must confirm "in writing that the amount being demanded is what the [mortgagee] is claiming is owed." *Mabry v. Ameriquest Mortg. Co.*, 2010 WL 1052353 (E.D. Mich. 2010) (citations omitted). But, there is no duty to forward "'copies of bills or other detailed evidence of the debt.'" *Rudek v. Frederick J. Hanna & Assocs., P.C.*, 2009 WL 385804 (E.D. Tenn. 2009), citing *Chaudhry v. Gallerizzo*, 174 F.3d 394, 406 (4th Cir. 1999). For example, a debt collector's response to a request to validate a borrower's debt complied with § 1692g(b) when it consisted of the borrower's name, the property address, origination date, loan amount, the current mortgagee and its address, and the original mortgagee and its address. *Mabry*, 2010 WL 1052353.

The evidence supplied by Trott & Trott regarding the January 6, 2010 letter and its enclosures satisfies the requirements § 1692g(b). In response, plaintiff offers no evidence to dispute Trott & Trott's evidence or any argument whatsoever regarding the remaining claim under the FDCPA. Rather, plaintiff's response

focuses on a host of claims already dismissed in this case and matters unrelated to the focused FDCPA issue before the Court. For these reasons, the undersigned concludes that there is no genuine of issue of material fact that Trott & Trott properly verified the debt and its motion for summary judgment on the FDCPA claim should be granted.

### III. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that Trott & Trott's motion for summary judgment be **GRANTED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2,"

etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: May 9, 2012

s/Michael Hluchaniuk
Michael Hluchaniuk
United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on May 9, 2012, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: David G. Michael, Martin S. Frenkel, and Amy E. Neumann, and I certify that I have mailed by United States Postal Service the paper to the following non-ECF participant(s): Darrow Smith, 2082 Meadow Reed Drive, Sterling Heights, MI 48314.

s/Tammy Hallwood
Case Manager
(810) 341-7887
tammy_hallwood@mied.uscourts.gov